Scholnick, J. P.,
dissents in part and votes to modify the order by denying that part of the defendant’s motion as sought dismissal of the charge of criminal contempt in the second degree.
While I agree that the charge of harassment was properly dismissed, it is my opinion that the charge of criminal contempt in the second degree should be reinstated. The verbal abuse set forth in the information and defendant’s act of following complainant when she tried to walk away, when taken in conjunction with the necessity of issuing the temporary order of protection, which is impliedly indicative of prior offensive conduct on the part of the defendant, is sufficient to establish, if believed, the intimidation alleged by complainant. I note that the criminal contempt charge does not require a course of conduct as did that of harassment. Moreover, the reliance of the People upon a specific theory in opposition to a motion to dismiss does not bar them from putting forth another theory on appeal so long as it is supported by the accusatory instrument, since only a question of law is involved. To be distinguished are those cases where a change of theory on appeal affects a defendant’s right to offer evidence to counter it, whether at a pretrial hearing or at the trial itself (see, People v Grega, 72 NY2d 489; People v Nieves, 67 NY2d 125).
Aronin and Patterson, JJ., concur; Scholnick, J. P., dissents in part in a separate memorandum.